# Calhoun, et al. v. Alexander, County Attorney.

(Decided March 18, 1911.)

## Appeal from McLean Circuit Court.

1. Ferries—Proceeding by County Attorney to Refix Rates of— Power of County Courts to Change—Load in Vehicles—Discretion of Court.—The statute does not deal with the load in vehicles to be ferried. It does not limit the persons to be carried without further charge, nor does it require that they be charged further toll; that is all left to the discretion of the court.

2. Same—Reasonableness of Rates Fixed.—There being nothing in the statute forbidding the county court's action in changing the rates of ferries as was done here, and it not appearing that they were unreasonable in any sense, the regulation appears to be reasonable and its action will not be disturbed.

JOE H. MILLER, SWEENEY, ELLIS & SWEENEY and WM. B. NOE for appellant.

R. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This was a proceeding instituted by the county attorney of McLean county against ferrymen who had the franchise to operate a ferry on Green river between the towns of Calhoun and Rumsey, to refix the rate of toll to be charged at the ferry.

The statute authorizing the establishment of ferries confers on the county courts the power at the time of such establishment to fix the rates of toll, and provides: "The rates may be changed from time to time" upon notice to those concerned. (Sec. 1813, Ky. Statutes.) The statutes require that the tolls shall be in the following proportions:

"For each heavy four wheeled wagon, carriage or coach, and driver, the same as for six horses; for every light or open four wheeled carriage, or light wagon and driver, the same as for four horses; for every two wheeled carriage or cart and driver, the same as for two horses; for every head of meat-cattle, the same as for a horse; for every sheep, goat, hog or lamb, one-fifth as much as for a horse."

The court established the rate for a horse at five cents each way; each person on foot five cents, each way; for each two-wheeled cart or carriage and driver, ten

cents each way; for each one horse buggy and all persons in same, twenty cents each way; for each two horse buggy or surrey and all persons in same, twenty cents each way; for each two horse wagon and all persons in same twenty-five cents each way; for each four horse wagon and all persons in or with same, thirty-five cents each way. Other items of rate are not necessary to be set out herein. The question presented for decision is, Was it competent for the court in fixing the rate on wagons, buggies and other vehicles to include the persons in or with the vehicles without additional toll? It will be noticed that the statute makes the horses and wheels the standard for fixing the tolls—not the loads. The contention is, that as the statute requires that the toll be fixed for a light or open four-wheeled wagon and driver, for example, at the same as four horses, it did not contemplate any other person's passing in that vehicle on that toll. But the statute does not deal at all with the load in the vehicles. It precludes charging extra for the driver, but does not limit the persons to be carried without further charge, nor does it require that they shall be charged a toll; that is all left to the just discretion of the court in fixing the rate of tolls. There being nothing in the statute forbidding the court's action as was here done, and nothing appearing that the rates fixed by the court were unreasonable in any sense, the court's action will not be disturbed. The regulation appears on its face to be not unreasonable.

There is no question raised of the power of the court to fix rates, nor is there apparent ground for such question.

Judgment affirmed.