## Calhoun, et al. v. Alexander, County Attorney, et al.

(Decided December 19, 1913).

### Appeal from McLean Circuit Court.

1. Ferries—Rates—When Should Not Be Relitigated.—When the rates to be charged at a ferry have been fixed in a judicial proceeding they should not be relitigated in another similar proceeding begun a few months later when there had been no substantial change in conditions.

Ferries—Common Carrier—V|alue of Land—Franchise.—The ferry is a common carrier of passengers and the value of the land used with it should not be fixed at what it would bring apart from the ferry franchise.

W. T. ELLIS, JOE H. MILLER and WM. B. NOE for appellants.

R. ALEXANDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Margaret Calhoun and Irene Gates and her children own a ferry across Green River, between Calhoun and Rumsey, in McLean County, Mrs. Calhoun owning the ferry right on the Calhoun side and Mrs. Gates and her children that on the Rumsey side of the river. This proceeding was instituted by R. Alexander, as County Attorney of McLean County by notice served on them on October 28, 1911, in which he sought to reduce the rate of toll on the ferry to a person on foot from five cents each way to two cents each way. The case coming on for trial in the county court, the county court overruled the motion refusing to disturb the existing rate of toll. The County Attorney appealed to the circuit court and in the circuit court the evidence being heard anew, the circuit court entered a judgment reducing the rate of toll on foot passengers from five cents each way to three cents. From this judgment the owners of the ferry appeal.

In the year 1910 a similar proceeding was instituted by Alexander, as County Attorney against the owners of the ferry to reduce the rate of toll and the rates having been reduced the owners of the ferry appealed to this court, where the judgment was affirmed on March 18, 1911. (See Calhoun v. Alexander, County Attorney, 143 Ky., 53.) There was then pending in the courts a proceeding instituted by J. S. Willis, the purpose of which was to obtain a judgment declaring that the ferry privilege referred to had expired or was no longer in existence. The circuit court dismissed the proceeding and that judgment was affirmed by this court on October 27, 1911, or about the time that this proceeding was instituted. Section 1801, Ky. Stats., provides:

"An appeal from any order concerning a ferry or ferry rates, in favor of any one interested, shall lie to the circuit court of the county, and thence to the Court of Appeals, both of which shall have jurisdiction of law

and fact; but the Court of Appeals of only such facts as may be certified from the circuit court."

While the courts have jurisdiction to determine what are reasonable ferry rates, the matter when once settled should remain so until there is some substantial change in conditions. The question what were reasonable rates on this ferry was elaborately gone over in the case finally decided by this court on March 18, 1911; and only about seven months elapsed after that decision before this new proceeding to relitigate the same question was begun. No substantial change had occurred in conditions since the former decision. It is not contemplated by the statute that the owner of a ferry should be harassed by continual applications to the court to change the ferry rates. No reason is shown why all the matters now shown could not have been presented in that case. It is not a proceeding for a new trial; but a new application to change the rates. The evidence is conflicting. The owners of the ferry now get an annual rental of $1,080 for it; to reduce the rate on foot passengers would reduce the rent to $600 or $700 a year. While sometimes more than one passenger is taken over at a time, in the majority of cases the trip is made alone for one passenger. When the river is low, it is only about 125 yards wide, but a large part of the year the river is full of water, and sometimes covers the bottoms. The ferry must be run at all times and under all conditions. The ferry is a common carrier of passengers, and the responsibility of other common carriers attaches to it. The value of the ferry franchise is not to be fixed alone by the value of the boats and the value of the lots on the bank apart from the ferry franchise. The ferry franchise is a valuable right carrying with it public responsibilities. While the evidence is conflicting in view of all the facts, the question of reasonable rates for the ferry which has so lately been settled, should not now be relitigated.

Judgment reversed and cause remanded for a judgment dismissing the proceeding.