## Ryan, County Attorney v. Hobson, et al.

### (Decided December 17, 1918.)

### Appeal from Trigg Circuit Court.

1. **Ferries—Appeal—Amendment on—New Bond.**—On the appeal of an application for a ferry franchise the circuit court may permit an amendment to be filed making new parties, and may also permit a new bond to be executed in lieu of a defective bond executed in the county court and may also permit the clerk of the county court to sign copy of judgment filed with appeal.

2. **Ferries—Application for Franchise—Who Must Be Applicants— Harmless Error.**—Under section 1803 of the Kentucky Statutes, the applicants for a ferry privilege must be the owners of the land, or someone who has obtained the ferry privilege from the owners, but where the application was made in the name of the administrators of the owner of the ferry, who were also his heirs, the defect in parties was not fatal to the proceeding in the county court, as a trial was there had in the same manner as if the applicants had been the proper parties. An error committed in this respect could be corrected by amendment in the circuit court.

3. **Ferries—Applicant Must Execute Bond—Defective Bond.**—Under section 1807 of the Kentucky Statutes the applicant for ferry privilege must execute the statutory bond, but where a bond was executed by the assignees of the applicants it was not

error to permit a new and sufficient bond to be executed in the circuit court by the applicants.

4. Ferries—Rate of Tolls to be Charged.—Section 1813 of the Kentucky Statutes fixes the rate of toll that may be charged and this statute is mandatory. The charge for the horse is the basis for the other rates and when the charge for the horse is fixed the other charges mentioned in the statute are to be automatically graded according to this basic rate. The charges for vehicles not mentioned in the statute should be fixed by the court after hearing the evidence.

G. W. RYAN for appellant.

KELLY & KING, G. P. THOMAS and THOMAS P. COOK for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is a ferry case and the facts are these:

W. J. Hobson was, at the time of his death, and had been for many years the owner of a ferry privilege over the Cumberland river at Canton, in Trigg county, Kentucky, as well as the owner of the landings on both sides of the river and the water craft and other appurtenances necessary to operate the ferry. Shortly before the franchise expired W. J. Hobson died, leaving as his only heirs at law his widow, Eula D. Hobson, his sons, J. L., John S. and Howell Hobson, and his daughter, Louis Hobson Anderson, to whom the land on both sides of the Cumberland river, where the landings of the ferry were situated, descended at his death, he having died intestate.

After the death of W. J. Hobson, his widow, Mrs. Eula Hobson, and son, J. L. Hobson, qualified as administrators of his estate and caused notices signed by them as administrators to be posted, as required by law, that they would, on the 11th day of September, 1916, that being the first day of the September term of the Trigg county court, apply to the court for a ferry franchise at the place where it was then being operated. On the 19th day of September, 1916, pursuant to this notice, the county court, after hearing the case and the protest of some citizens. granted to Mrs. Hobson and her son, J. L., as administrators of W. J. Hobson, the privilege of operating the ferry for a period of two years, according to a schedule of rates that were fixed in the judgment.

Thereupon J. H. and W. H. Hobson, to whom it appears Mrs. Hobson and J. L. Hobson had leased the

ferry privileges, executed the bond required by law to be executed by the applicants.

The county attorney, as he had the right to do, prosecuted an appeal from the orders of the county court, to the circuit court, and when the case came up in the circuit court for hearing he moved to dismiss the appeal on the face of the papers, first, because the county court clerk had failed to sign the copy of the judgment of the county court filed with the appeal; second, because the application for the franchise was made in the names of the administrator of W. J. Hobson, deceased; and third, because the applicants for the privilege did not file in the county court the bond required by law.

When the appeal came on for trial in the circuit court the judge permitted the clerk of the county court to sign and certify the copy of the judgment of the county court granting the ferry privilege, which copy it appears he had inadvertently failed to sign and certify when it was sent up with the appeal record from the county court to the circuit court. In permitting this correction to be made the circuit court did not commit any error.

When the motion of the county attorney was made in the circuit court to dismiss the case because the application for the ferry franchise was made in the name of the administrators of W. J. Hobson in place of the names of his widow and children, to whom the ferry privilege, the landings on each side and all the appurtenances belonging thereto descended, the court permitted the widow and children of W. J. Hobson, to whom, as we have said, all the rights attached to the ferry descended, to file in the circuit court an amended application setting out fully and clearly the facts and asking that they be allowed to join as applicants for the ferry privilege in view of the fact that their names had been omitted by oversight from the notice and application made in the county court.

It is contended that the court erred in permitting this amended pleading or application to be filed in the circuit court. The Kentucky Statutes, in section 1803, provide that "A ferry shall be established at the instance and for the benefit of the owner of the land on which it is located, or of some one who has obtained from the owner the privilege of using the same for that purpose." Accordingly, the application should have been made in the name of the widow and children of W. J. Hobson; but in view of the

undisputed facts shown by the record that no one was misled or prejudiced by the notice or application in the county court, as the persons who desired to remonstrate against granting the privilege appeared in the county court and the case was as fully heard and disposed of in that court as if the notice and application had been made in the name of the proper parties, we do not find that any error prejudicial to the rights of the remonstrants was committed in allowing the amended pleading or application to be filed in the circuit court.

There was simply a defect of parties in the county court, and this defect was cured by the amended pleading or application filed in the circuit court. The rights of all parties in the county court were as fully protected in the proceedings there had as if the proper persons had been parties to the notice and application in the county court.

It is provided in section 1807 of the Kentucky Statutes that ''Before a ferry right is granted, the applicant shall, with sufficient surety, give a covenant to the Commonwealth that he will keep the ferry according to law.'' As we have stated, there was a bond executed in the county court at the time the application was granted by J. H. and W. H. Hobson, to whom the ferry privilege had been leased or assigned, by the applicants, but this bond did not conform to the statute as it should have been executed by the applicants themselves and not by their assignees.

When the case came up in the circuit court the county attorney moved to dismiss the application because no bond had been made in the county court, and thereupon the circuit court permitted the widow and children of W. J. Hobson to execute in the county court a bond as required by law, and this bond was at the time accepted and approved by the county court.

The applicants in the county court attempted, in good faith, to there execute a bond, but it was defective and insufficient, and when the circuit judge permitted the amended pleading or application to be filed and directed the proceedings in the circuit court to be in the name of the widow and children of W. J. Hobson and so proceed in the circuit court, we think he did not exceed his discretion in permitting these parties to at once execute in the county court the bond that should have been there executed in the first instance. The execution of the sufficient

statutory bond at the time it was executed, pursuant to the orders of the circuit court, fully protected the rights of the public, and this is the only reason why a bond is required.

Section 1813 of the Kentucky Statutes provides that: "The court shall also, at the time of making the grant, fix the rate of tolls to be charged at the ferry, which shall be in the following proportions: for every heavy four-wheeled wagon, carriage or coach and driver, the same as for six horses; for every light or open four-wheeled carriage or light wagon and driver, the same as for four horses; for every two-wheeled carriage or cart and driver, the same as for two horses; for every hogshead of tobacco, not in a wagon or cart, the same as for one horse, and for every head of neat cattle, the same as for a horse; for every sheep, goat, hog or lamb, one-fifth as much as for a horse."

On the trial of the application in the circuit court the court heard evidence offered by the applicants and the remonstrants and then fixed the fees to be charged as follows: "For each man, woman or child on foot, 5c; each horse, mule, jack or jennet, 10c; each sheep, lamb, goat or hog, 2c; no trip to be made for less than 10c; each head neat cattle, 8c; each heavy four-wheeled, six-horse wagon, load and driver, with additional 5c for each animal drawing same, 30c; each heavy four-wheeled four-horse wagon or other vehicle drawn by four horses, 30c, with additional for each animal drawing same, 5c; each two-horse wagon or carriage and load and all persons therein, 35c each way; each one-horse buggy and persons riding in same, 20c; each two-horse buggy and persons riding in same, 30c; each gig or cart and horse and persons in same, 20c; each motorcycle and rider, 20c; each automobile, weighing less than 2,000 pounds, and load, 45c; each automobile weighing 2,000 pounds or more with its load, 60c; each hogshead of tobacco, not in wagon, 10c.

It will be observed that the statute fixing the rate of tolls provides that the rate for heavy four-wheeled wagon, carriage or coach and driver shall be the same as for six horses; and for every light or open four-wheeled carriage or light wagon and driver, the same as for four horses; and for every two-wheeled carriage or cart and driver, the same as for two horses. This statute, fixing the rates, is mandatory and if the lower court exceeded it, preju-

dicial error was committed; but we think that the statute was not exceeded in the order fixing the charges.

It will be seen that the court fixed the charge for each horse at 10c, and then fixed the charge for a "heavy four-wheeled six-horse wagon, load and driver" at 30c, with 5c additional for each horse, so that if such a wagon was drawn by six horses the charge would be 60c, or six times the charge of one horse; and fixed the charge for each "heavy four-wheeled four-horse wagon, drawn by four horses, at 30c, with an additional charge of 5c for each horse, so that if a wagon was drawn by four horses the fee would be 50c, when the fee for this service might have been fixed under the statute at 60c, as the statute provides that the fee for a heavy four-wheeled wagon shall be the same as for six horses.

The statute makes the charge for a horse the basis of the other rates, and when the charge for the horse is fixed, the other charges mentioned in the statute are automatically graded according to this basic rate and should be so fixed.

There are, however, some services that are not mentioned in the statute; for example, a horse and buggy, two horses and buggy, automobile and motorcycle. And as to these the rate must be fixed by the court according to the evidence. Calhoun v. Alexander, 143 Ky. 53.

We do not think the rates fixed by the court are in conflict with the statute, and the judgment is affirmed.